IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jacob Osteen Cash, | ) | Civil Action No. 9:18-cv-2571-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| South Carolina Department of Corrections, Laura Caldwell and John Doe | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 34) recommending the Court dismiss Plaintiff's Complaint. For the reasons set forth below, the Court adopts the R & R, and the Complaint is dismissed without prejudice.

I. **Background**

On September 19, 2018, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) On March 15, 2019, the Defendant filed a motion to dismiss. (Dkt. No. 27.) On March 18, 2019, the Magistrate Judge issued a *Roseboro* Order, instructing Plaintiff to respond to Defendant's motion within thirty-one (31) days. (Dkt. No. 30.) Plaintiff was advised that if he failed to file a properly supported response, the Defendant's motion may be granted. (*Id.*) Plaintiff, however, failed to file any response or otherwise contact the Court. The Magistrate Judge filed a R & R recommending the Court dismiss the case. (Dkt. No. 34.) Plaintiff has failed to respond to the motion, file objections to the R & R, or contact the Court in any way.

II. **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v.*

1

*Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R to which Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff did not file objections, and the R & R is reviewed for clear error.

### III. Discussion

Plaintiff has not responded to any motions or orders, or otherwise contacted the Court since the motion to dismiss was filed. Further, both the Court and Defendants have confirmed that the motion to dismiss and *Roseboro* order were mailed to Plaintiff at his new address. (Dkt. Nos. 28, 31, 32-2.) Plaintiff's failure to respond to the *Roseboro* Order, which instructed him to respond to Defendant's motion and that the case may be dismissed if he did not do so, indicates an intent not to prosecute this case. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to prosecute or to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal appropriate when accompanied by a warning). Therefore, the Complaint is subject to dismissal.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 34), and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 15, 2019
Charleston, South Carolina